UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

| | |
|---|---|
| FEDERAL HOME LOAN MORTGAGE CORPORATION,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ANDY PULIDO,<br><br>　　　　Defendant.<br>_____/ | No. C 12-03489 LB<br><br>**ORDER (1) GRANTING DEFENDANT'S APPLICATION TO PROCEED *IN FORMA PAUPERIS*, (2) REMANDING THE CASE TO ALAMEDA COUNTY SUPERIOR COURT AND (3) SANCTIONING DEFENDANT**<br><br>[Re: ECF No. 1] |

## I. BACKGROUND

Plaintiff Federal Home Loan Mortgage Corporation ("FHLM") brought an action for unlawful detainer against Defendant Andy Pulido in Alameda County Superior Court on July 8, 2011. *See Federal Home Loan Mortgage Corp. v. Pulido*, No. HG-11-584489 (Alameda County Sup. Ct.). On January 18, 2012, Mr. Pulido, who is proceeding *pro se*, removed the case from state court, alleging federal question jurisdiction. *Federal Home Loan Mortgage Corp. v. Pulido*, No. C12-00277 LB ("*Pulido I*"), Notice of Removal (First), ECF No. 1.[1] The court remanded the action back to state court because federal jurisdiction was lacking. *Pulido I*, 02/17/2012 Order, ECF No. 10.

On March 14, 2012, Mr. Pulido removed the action for a second time. *Federal Home Loan*

---

[1] Citations are to the Electronic Case File ("ECF") with pin cites to the electronic page number at the top of the document, not the pages at the bottom.

UNITED STATES DISTRICT COURT
For the Northern District of California

*Mortgage Corp. v. Pulido*, No. C12-01264 LB ("*Pulido II*"), Notice of Removal (Second), ECF No. 1.[2] His second notice of removal was virtually identical to his first one and asserted the same grounds for removal. *Compare Pulido I*, Notice of Removal (First), ECF No. 1 *with Pulido II*, Notice of Removal (Second), ECF No. 1. The court again remanded the action back to state court because federal jurisdiction was lacking, and the court warned Mr. Pulido that if he removed the case on the same grounds again, he risked being sanctioned under Federal Rule of Civil Procedure 11. *Pulido II*, 4/10/2012 Order, ECF No. 14.

Mr. Pulido removed the action for a third time on May 1, 2012. *Federal Home Loan Mortgage Corp. v. Pulido*, No. C12-02165 LB ("*Pulido III*") Notice of Removal (Third), ECF No. 1.[3] Although it contained some new, additional text, his third notice of removal asserted the same grounds for removal as did his previous two notices of removal. *See generally id*. Accordingly, the court once again remanded the action to state court and reminded him that he could be sanctioned. *Pulido III*, 6/25/2012 Order, ECF No. 13.

On July 5, 2012, Mr. Pulido removed the action again.[4] The majority of his fourth notice of removal contains text that he already included in his prior notices of removal, *see* Notice of Removal (Fourth), ECF No. 1 at 3-7, and the text that is new argues that the $75,000 threshold for diversity jurisdiction is met, *see id*. at 2-3. And as he did in *Pulido I*, *II*, and *III*, Mr. Pulido also filed an application to proceed *in forma pauperis*. IFP Application, ECF No. 4.[5]

## II. LEGAL STANDARD

A defendant in a state court may remove an action to federal court so long as the action could

---

[2] Initially, *Pulido II* was assigned to Magistrate Judge Ryu, but it was subsequently related to *Pulido I* and reassigned to this court. *Pulido I*, 4/2/2012 Order Relating Case, ECF No. 13.

[3] Initially, *Pulido III* was assigned to Magistrate Judge Laporte, but it was subsequently related to *Pulido I* and *Pulido II* and reassigned to this court. *Pulido I*, 5/17/2012 Order Relating Case, ECF No. 16.

[4] Initially, this action was assigned to Magistrate Judge Spero, but it was subsequently related to the other *Pulido* actions and reassigned to this court. 7/23/2012 Order, ECF No. 18.

[5] The court has reviewed Mr. Pulido's application and **GRANTS** it.

1 have originally asserted federal-question jurisdiction.[6] 28 U.S.C. 1441(b). The burden is on the
2 removing defendant to prove the basis for the federal court's jurisdiction. *Shizuko Nishimoto v.*
3 *Federman-Bachrach & Assocs.*, 903 F.2d 709, 712 (9th Cir. 1990). If, after a court's prompt review
4 of a notice of removal, "it clearly appears on the face of the notice and any exhibits annexed thereto
5 that removal should not be permitted, the court *shall* make an order for summary remand." 28
6 U.S.C. § 1446(c)(4) (emphasis added). Removal jurisdiction statutes are strictly construed against
7 removal. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108 (1941); *Takeda v. Northwestern*
8 *Nat'l. Life Ins. Co.*, 765 F.2d 815, 818 (9th Cir. 1985).

9 The "well-pleaded complaint" rule requires a federal question to be presented on the face of the
10 plaintiff's complaint at the time of removal for federal-question jurisdiction to exist. *Metropolitan*
11 *Life Insurance Co. v. Taylor*, 481 U.S. 58, 63 (1987); *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th
12 Cir. 1996). An actual or anticipated federal defense is not sufficient to confer jurisdiction.
13 *Franchise Tax Bd. of California v. Construction Laborers Vacation Trust*, 463 U.S. 1, 10 (1983);
14 *Hunter v. Phillip Morris USA*, 582 F.3d 1039, 1042-43 (9th Cir. 2009). However, a plaintiff may
15 not defeat removal by omitting necessary federal questions from his or her complaint. *Franchise*
16 *Tax Bd. of California*, 463 U.S. 1 at 22.

17 "[A] party is not entitled, under existing laws, to file a second [notice of removal] upon the same
18 grounds, where, upon the first removal by the same party, the federal court declined to proceed and
19 remanded the suit, because of his failure to [comply with the procedural requirements for removal]."
20 *St. Paul & C. Ry. Co. v. McLean,* (1883) 108 U.S. 212, 217 (brackets added). The ban on successive
21 removals, however, does not apply in circumstances where the moving party advances a different
22 theory of removal based on newly discovered facts or a change in relevant law. *Kirkbride v.*
23 *Continental Cas. Co.*, 933 F.2d 729 (9th Cir. 1991) (holding that a defendant who fails in an attempt
24 to remove on the initial pleadings may file a removal petition when subsequent pleadings or events
25 reveal a new and different ground for removal). But absent new and different grounds for removal

---

[6] District courts have original jurisdiction over cases that arise under the law of the United States. U.S. Const. art. III, § 2, cl.1.

based on newly discovered facts or law, a defendant who improperly removes a case after a federal court previously remanded it risks being sanctioned under Federal Rule of Civil Procedure 11. *See Benson v. SI Handling Systems, Inc.*, 188 F.3d 780, 783 (7th Cir. 1999) ("Multiple removals could encounter problems – could even lead to sanctions – if nothing of significance changes between the first and second tries.") (internal citation omitted).

### III. DISCUSSION

Mr. Pulido's fourth notice of removal is deficient for reasons the court has already explained and which should be obvious by now. In all three of its previous remand orders the court has explained that federal-question jurisdiction does not exist here. *Pulido I*, 02/17/2012 Order, ECF No. 10; *Pulido II*, 4/10/2012 Order, ECF No. 14; Pulido III, 6/25/2012 Order, ECF No. 13.[7] The court also has explained that diversity jurisdiction does not exist either. In its first remand order, the court explained:

> Though Mr. Pulido did not allege diversity jurisdiction in the notice of removal, the court will nonetheless undertake the proper analysis.
>
> Federal courts have original jurisdiction where the opposing parties are citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). Thus, in removal cases where the purported basis of jurisdiction is diversity jurisdiction, removal is not permitted where a defendant in the case is a citizen of the state in which the plaintiff originally brought the action (even if the opposing parties are citizens of different states). *See* 28 U.S.C. § 1441(b).

---

[7] In its first order remanding this case back to state court, the court explained that this statute "allows the removal of any civil action that is commenced in state court against 'any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof.'" *Pulido I*, 02/17/2012 Order, ECF No. 10 at 3 (quoting 28 U.S.C. § 1443(1)). "According to the United States Supreme Court, 'a removal petition under 28 U.S.C. § 1443(1) must satisfy a two-pronged test. First, it must appear that the right allegedly denied the removal petitioner arises under a federal law providing for specific civil rights . . . . Second, it must appear, in accordance with the provisions of § 1443(1), that the removal petitioner is denied or cannot enforce the specified federal rights in the courts of (the) State.'" *Id*. at 3-4 (quoting *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975) (internal quotations and citations omitted)).

The court then pointed out that "Mr. Pulido has established neither of these elements, and FHLM's complaint contains no facts which would otherwise confer federal jurisdiction." *Id*. at 4 (citing *Taylor*, 481 U.S. at 63 (jurisdiction must appear on the face of a well-pleaded complaint); *Hunter*, 582 F.3d at 1042-43 (jurisdiction cannot be predicated on actual or anticipated defenses)).

C 12-03489 LB
ORDER REMANDING CASE

4

> First, the amount in controversy does not exceed $75,000. In unlawful detainer actions, the right to possession of the property is contested, not title to the property, and plaintiffs may collect only damages that are incident to that unlawful possession. . *See Litton Loan Servicing, L.P. v. Villegas*, No. C 10-05478 PJH, 2011 WL 204322, at *2 (N.D. Cal. Jan. 21, 2011) (quoting *Evans v. Superior Ct.*, 67 Cal. App. 3d 162, 170 (1977)). FHLM is requesting damages in the amount of $30 per day, beginning on July 6, 2011. Complaint, Exhibit 1 to ECF No. 5, § 15. The amount of damages at issue in this case does not come close to reaching the threshold amount.
>
> Second, <u>even assuming the threshold amount for diversity jurisdiction were satisfied, removal was not proper because FHLM filed suit in California, and Mr. Pulido is a citizen of California</u>. 28 U.S.C. § 1441(b) prohibits removal where a defendant in the case is a citizen of the state in which the plaintiff originally brought the action.

*Pulido I*, 02/17/2012 Order, ECF No. 10 at 4 (emphasis added). Mr. Pulido's arguments concerning the amount-in-controversy requirement do not matter because, as the court explained, FHLM filed suit in California, and Mr. Pulido is a citizen of California. *Id.* at 4. 28 U.S.C. § 1441(b) prohibits removal where a defendant in the case is a citizen of the state in which the plaintiff originally brought the action, and that is the situation here.

## IV. CONCLUSION

In short, Mr. Pulido has removed this action for a fourth time and on the same grounds that he asserted, and that the court explicitly and repeatedly rejected, in his previous notices of removal. Accordingly, the court **REMANDS** the case to Alameda County Superior Court.[8]

Further, the court warned Mr. Pulido in both its 4/10/2012 Order and its 6/25/2012 Order that he faced the possibility of being sanctioned under Rule 11, in an amount to be set by the court, if he removed this action based on the same grounds that he asserted before. *Pulido II*, 4/10/2012 Order, ECF No. 14 at 2; *Pulido III*, 6/25/2012 Order, ECF No. 13 at 5. Because he did exactly that, after having twice been explicitly apprised of the possibly of being sanctioned for it, the court finds that sanctions should be imposed under its inherent powers.[9] This conduct flouts the court's previous

---

[8] Mr. Pulido has consented to the undersigned's jurisdiction. Consent (Plaintiff), ECF No. 3. Pursuant to Civil Local Rule 7-1(b), the court finds this matter suitable for determination without oral argument.

[9] The Ninth Circuit has concluded that sanctions are available under the court's inherent power if "preceded by a finding of bad faith, or conduct tantamount to bad faith," such as

orders and improperly harasses FHLM.  Accordingly, Mr. Pulido is sanctioned in the amount of $100.00.  He shall pay this amount to the Clerk of the Court no later than August 20, 2012.

The Clerk of the Court shall close the file.

**IT IS SO ORDERED.**

Dated: July 24, 2012

_____
LAUREL BEELER
United States Magistrate Judge

---

recklessness "combined with an additional factor such as frivolousness, harassment, or an improper purpose."  *Fink v. Gomez*, 239 F.3d 989, 994 (9th Cir. 2001); *see Gomez v. Vernon*, 255 F.3d 1118, 1134 (9th Cir. 2001).

C 12-03489 LB
ORDER REMANDING CASE

6